# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LUZ MILES,<br><br>                Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, and MCCALLA RAYMER, LLC,<br><br>                Defendants. | 1:16-cv-4356-WSD |

## OPINION AND ORDER

This matter is before the Court on McCalla Raymer Pierce, LLC, formerly known as McCalla Raymer, LLC's ("McCalla Raymer") Motion to Dismiss [5] Plaintiff Luz Miles's ("Plaintiff") Complaint [1.1].

## I. BACKGROUND

On June 5, 2009, Plaintiff obtained a loan in the amount of $164,957.00 from Primary Capital Advisors ("Primary Capital"). (Compl. ¶ 2). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 3009 Octavia Circle, Marietta, Georgia (the "Property"). (Id. ¶¶ 1-2). Plaintiff executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Primary Capital and Primary Capital's successors and assigns. (Id. ¶ 2).

On September 2, 2016, the Security Deed was assigned to Nationstar Mortgage LLC ("Nationstar"). (Id. ¶ 3).

At some point, it appears that Plaintiff defaulted on her loan obligations. Plaintiff applied for a loan modification "which was not completed because of alleged missing documents which [Nationstar] admitted they already had in their possession." (Id. ¶ 15).

On October 26, 2016, Plaintiff "called to check on the status of her modification" and "learned about Defendant's [sic] intent to foreclose non-judicially on November 1, 2016." (Id. ¶ 5).

On October 28, 2016, Plaintiff, proceeding *pro se*, filed her Complaint in the Superior Court of Cobb County, Georgia, asserting claims for wrongful foreclosure (Count One) and injunctive relief (Count Two) against McCalla Raymer and Nationstar. Plaintiff claims that Nationstar, "working in concert with Defendant McCalla Raymer . . . fraudulently and intentionally hatched a scheme to make it look as though Plaintiff did not complete a loan modification package." (Compl. at 1). Plaintiff claims that foreclosure is wrongful because, under 12 C.F.R. § 1024.41(g), a loan servicer cannot conduct a foreclosure sale while a loan modification application is pending. Plaintiff seeks "an appropriate award of

actual, nominal, resultant and punitive damages for Dual Tracking violations," and to enjoin foreclosure. (Compl. at 12).

On November 23, 2016, Nationstar removed the Cobb County Action to this Court based on federal question jurisdiction, because Plaintiff's wrongful foreclosure claim is based on alleged violations of federal law. (Notice of Removal [1]).

On November 30, 2016, McCalla Raymer and Nationstar moved to dismiss Plaintiff's Complaint for failure to state a claim. ([3], [5]).

On May 12, 2017, Plaintiff voluntarily dismissed, with prejudice, her claims against Nationstar, and Nationstar's Motion to Dismiss is thus moot. (See Stipulation of Dismissal [11]).

Plaintiff did not respond to McCalla Raymer's Motion to Dismiss, and under Local Rule 7.1B, the Court deems McCalla Raymer's Motion to Dismiss unopposed. See L.R. 7.1B, NDGa.

## II. DISCUSSION

### A. Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty.

Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, 597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[1]

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008)

    B.    Analysis

        1.    Wrongful Foreclosure

To state a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. W. Georgia Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006).

Plaintiff asserts that foreclosure is wrongful because, under 12 C.F.R. § 1024.41(g), a loan servicer cannot conduct a foreclosure sale while a borrower's loan modification application is pending. 12 C.F.R. § 1024.41(g), which provides:

> If a borrower submits a complete loss mitigation application after [foreclosure proceedings are first initiated,] but more than 37 days before a foreclosure sale, a *servicer* shall not . . . conduct a foreclosure sale, unless:
>
>> (1) The *servicer* [informs] the borrower that [he or she] is not eligible for any loss mitigation option . . . ;
>>
>> (2) The borrower rejects all loss mitigation options offered by the servicer; or
>>
>> (3) The borrower fails to perform under an agreement on a loss mitigation option.

12 C.F.R. § 1024.41(g) (emphasis added).

Section 1024.41 applies only to a loan servicer. See 12 C.F.R. § 1024.41(g) ("If a borrower submits a [timely] complete loss mitigation application . . . a *servicer* shall not . . . conduct a foreclosure sale . . ."); Clark v. HSBC Bank USA, Nat'l Ass'n, 664 F. App'x 810, 813 (11th Cir. 2016) (district court did not err in dismissing plaintiff's claim for violation of 12 C.F.R. § 1024.41 where those "requirements only apply to mortgage servicers, and [the owner of the loan] is not a servicer within the meaning of the regulation"). For purposes of Section 1024.41, a "'servicer' is the 'person responsible for the servicing of a federally related mortgage loan.'" Clark, 644 F. App'x at 813 (quoting 12 C.F.R. § 1024.2). "'Servicing' a loan is defined as 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any federally related mortgage loan . . . and

7

making payments to the owner of the loan . . . as may be required pursuant to the terms of the mortgage servicing loan documents or servicing contract.'" Id. (quoting 12 C.F.R. § 1024.2; citing § 1024.41).

Plaintiff does not allege, and it does not appear, that McCalla Raymer is Plaintiff's loan servicer, or even that Plaintiff submitted her loss mitigation application to McCalla Raymer. Instead, Plaintiff alleges only that McCalla Raymer and Nationstar "work[ed] in concert . . . [to] fraudulently and intentionally hatched a scheme to make it look as though Plaintiff did not complete a loan modification package," and that Nationstar "is represented by the law firm of McCalla Raymer." (Compl. at 1 & ¶ 4). To the extent noncompliance with Section 1024.41 could support a claim for wrongful foreclosure,[2] Plaintiff fails to allege facts to support that McCalla Raymer is Plaintiff's loan servicer, and Section 1024.41 simply does not apply. See Clark, 644 F. App'x at 813. Plaintiff's wrongful foreclosure claim, based on McCalla Raymer's noncompliance with 12 C.F.R. § 1024.41(g), is required to be dismissed.

Even if Plaintiff alleged facts to support that McCalla Raymer was Plaintiff's loan servicer, Plaintiff's claim would still be subject to dismissal. For 12 C.F.R. § 1024.41(g) to apply, Plaintiff was required to submit a complete loss

---

[2] "A borrower may enforce the provisions of [Section 1024.41] pursuant to section 6(f) of RESPA (12 U.S.C. § 2605(f))." 12 C.F.R. § 1024.41(a).

mitigation application more than 37 days before the November 1, 2016, foreclosure sale—that is, Plaintiff was required to submit a complete loss mitigation application on or before September 25, 2016. See 12 C.F.R. § 1024.41(g); Lage v. Ocwen Loan Serv. LLC, 839 F.3d 1003, 1009 (11th Cir. 2016) (Under Section 1024.41, "a servicer only has a duty to evaluate a complete loss mitigation application that it receives 'more than 37 days before a foreclosure sale.'"); Cilien v. U.S. Bank Nat'l Ass'n, 2017 WL 1541494, at *1 (11th Cir. May 1, 2017) (RESPA's "'dual tracking' prohibition applies only when a borrower submits a complete loss-mitigation application after a servicer has initiated the foreclosure process but more than 37 days before the foreclosure sale. Because Plaintiff alleges no facts about when U.S. Bank first initiated the foreclosure process or when the foreclosure sale on her home ultimately took place, Plaintiff has alleged no violation of 12 U.S.C. § 1024.41(g)); Clark, 664 F. App'x at 812-13 (same). Plaintiff does not allege when foreclosure proceedings were initiated or when she submitted her loss mitigation application, and Plaintiff's wrongful foreclosure claim, based on McCalla Raymer's noncompliance with 12 C.F.R. § 1024.41(g), is required to be dismissed for this additional reason.

Finally, Plaintiff does not allege, and it does not appear, that she is current on her loan obligations. Failure to make the proper loan payments or tender the

9

amount due defeats any claim for wrongful foreclosure. See, e.g., Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale). Plaintiff's claim for wrongful foreclosure is required to be dismissed for this additional reason.

### 2. Injunctive Relief (Count Two)

A claim for preliminary injunctive relief requires a showing of "a substantial likelihood of success on the merits of the underlying case," Grizzle v. Kemp, 634 F.3d 1314, 1320 (11th Cir. 2011), while a permanent injunction requires actual success on the merits, United States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009). Because Plaintiff fails to state a viable claim for relief, her claim for injunctive relief is required to be dismissed.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that McCalla Raymer Pierce, LLC, formerly known as McCalla Raymer, LLC's Motion to Dismiss [5] is **GRANTED**.

**SO ORDERED** this 12th day of July, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE